UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------×
JOSEPH FERRARO,

       *Plaintiff,*                                            17 CV 5005

   *v.*

BOSTON MARKET CORPORATION,                **COMPLAINT**

       *Defendant*.
-------------------------------------------------------------------------×

      Plaintiff Joseph Ferraro, by his counsel, The Harman Firm, LLP, alleges for his Complaint against Defendant Boston Market Corporation as follows:

**PRELIMINARY STATEMENT**

      1.      Plaintiff Joseph Ferraro was employed as a Manager Trainee at Defendant Boston Market Corporation ("Boston Market") at its 2530 Hylan Boulevard, Staten Island, New York location (the "Store").

      2.      Throughout Mr. Ferraro's employment at Boston Market, the Store's management—including Assistant Managers, Managers, Assistant General Managers, and General Managers—was predominantly composed of Egyptian and Arabic-speaking individuals and was predominantly male.

      3.      Plaintiff seeks damages and costs against Defendant for discriminating against him on the basis of race and national origin by subjecting him to a hostile work environment, failing to promote him, and, ultimately, terminating his employment, in violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq*.

      4.      Plaintiff also seeks damages and costs against Defendant for retaliating against him for his complaints of discrimination by subjecting him to further discrimination and harassment and, ultimately, terminating his employment, in violation of the NYCHRL.

1

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over Plaintiff's claims, as the matter in controversy exceeds $75,000 and is between citizens of different states:

   a. Plaintiff is a citizen of the State of New York, as he is domiciled in the State of New York.

   b. Upon information and belief, Defendant is a citizen of the State of Delaware, as it is a corporation organized under the laws of the State of Delaware, and a citizen of the State of Colorado, as its headquarters are located in the State of Colorado.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Eastern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## TRIAL BY JURY

7. Plaintiff respectfully requests a trial before a jury.

## PARTIES

8. Plaintiff, at all times relevant hereto, was and is a resident of Richmond County in the State of New York.

9. Upon information and belief, at all times relevant hereto, Defendant was and is a corporation organized under the laws of the State of Delaware with headquarters located at 14103 Denver West Parkway, Golden, Colorado 80401 in Jefferson County.

## STATEMENT OF FACTS

10. Mr. Ferraro began working at the Store on or about October 19, 2013.

11. Mr. Ferraro was hired as a Manager Trainee and remained a "Manager Trainee" for the entirety of his nearly two-and-a-half–year employment at Boston Market.

12. During that time, the Store's predominantly Egyptian and Arabic-speaking management repeatedly passed Mr. Ferraro over for promotions, instead hiring less qualified Egyptian and Arabic-speaking employees, and refused to schedule Mr. Ferraro for more than one or two shifts per week.

13. Mr. Ferraro repeatedly requested more hours and to be promoted to a full-time Manager position, but the Store's management refused.

14. Instead, the Store's management simply moved Mr. Ferraro to the positions where they most needed staff, under the pretext of continued "training."

15. Consequently, Mr. Ferraro spent significantly more time "training" at the various stations than did Egyptian and Arabic-speaking employees and was required to complete far more "training" than was actually necessary.

16. For example, Mr. Ferraro spent months working on the carving station alone, while Egyptian and Arabic-speaking employees were never required to do the same.

17. After the Store's management repeatedly passed him over for promotions and continued to assign him only one to two shifts per week, Mr. Ferraro began working additional part-time jobs.

18. When the Store's managers learned that Mr. Ferraro was working additional part-time jobs, they promised to re-train Mr. Ferraro, schedule him for additional shifts, and finally promote him to Manager.

19. Relying on Boston Market's promises, Mr. Ferraro quit his other part-time jobs.

20. However, nothing changed at the Store: Mr. Ferraro was still only assigned one to two shifts per week, and the Store's management continued to hire and promote Egyptian and Arabic-speaking employees over Mr. Ferraro.

21. Mr. Ferraro repeatedly complained about this treatment to Boston Market's management, but to no avail.

22. Instead, Boston Market retaliated against Mr. Ferraro by assigning him even worse, non-managerial tasks, such as cleaning the air-conditioning ventilation and scraping the floors clean.

23. Ultimately, after manipulating Mr. Ferraro for years, Boston Market summarily terminated his employment on or about March 14, 2015, purportedly for taking a portion of food home with him.

24. However, Mr. Ferraro had received permission to take the food home with him and had been regularly allowed to do so in the past.

25. Moreover, no Egyptian or Arabic-speaking employee has ever been terminated from the Store for such an infraction, even though it is a regular practice for Egyptian and Arabic-speaking employees to take food home.

26. In reality, Boston Market terminated Mr. Ferraro because of his race and national origin and due to his continued complaints about Boston Market's failure to give him a manager position, in spite of the fact that Boston Market regularly promoted Egyptian and Arabic-speaking trainees to manager positions; this discriminatory practice continued for years, during the entirety of Mr. Ferraro's tenure with Boston Market.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Hostile Work Environment in Violation of the NYCHRL

27. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 26 with the same force as though separately alleged herein.

28. The NYCHRL prohibits an employer from discriminating against an employee in compensation or in terms, conditions, and privileges of employment on the basis of race and/or national origin.

29. Defendant subjected Plaintiff to a hostile work environment based on his race and national origin by treating him less well, subjecting him to different policies and procedures, failing to promote him, and limiting his opportunities for advancement.

30. As such, Defendant has violated the NYCHRL.

31. As a direct and proximate consequence of Defendant's race and national origin discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

32. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

### SECOND CAUSE OF ACTION
### Wrongful Termination in Violation of the NYCHRL

33. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 32 with the same force as though separately alleged herein.

34. The NYCHRL prohibits an employer from discriminating against an employee in compensation or in terms, conditions, and privileges of employment on the basis of race and/or national origin.

35. Defendant terminated Plaintiff's employment based in part on his race and national origin.

36. As such, Defendant has violated the NYCHRL.

37. As a direct and proximate consequence of Defendant's race and national origin discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

38. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

### THIRD CAUSE OF ACTION
### Retaliation in Violation of the NYCHRL

39. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 38 with the same force as though separately alleged herein.

40. The NYCHRL prohibits an employer from retaliating against an employee for engaging in protected activity under the NYCHRL.

41. Plaintiff engaged in protected activity under the NYCHRL when he properly complained to Defendant about discriminatory treatment unlawful under the NYCHRL.

42. Defendant retaliated against Plaintiff for his complaints of unlawful discrimination by subjecting him to further discrimination and harassment and, ultimately, terminating his employment.

43. As such, Defendant has violated the NYCHRL.

44. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages to be determined at trial;

B. For the second cause of action, damages to be determined at trial;

C. For the third cause of action, damages to be determined at trial; and

D. For such other and further relief as the Court deems just and proper.


Dated:      New York, New York
            August 24, 2017


                                By:   s/ Walker G. Harman, Jr.
                                      Walker G. Harman, Jr. [WH-8044]
                                      Owen H. Laird [OL-6994]
                                      THE HARMAN FIRM, LLP
                                      220 Fifth Avenue, Suite 900
                                      New York, NY 10001
                                      (212) 425-2600
                                      wharman@theharmanfirm.com
                                      olaird@theharmanfirm.com

                                      *Attorneys for Plaintiff*