UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JOSEPH FERRARO,                                              Civil Action No.: 17-cv-5005

                Plaintiff,

         v.                                               **ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

BOSTON MARKET CORPORATION,

                Defendant.

-------------------------------------------------------------------X

Defendant BOSTON MARKET COROPORATION ("Boston Market" or "Defendant") by and through its undersigned attorneys, Martin Clearwater & Bell LLP, hereby responds to the allegations in Plaintiff's Complaint (the "Complaint") as follows:

## AS TO PRELIMINARY STATEMENT

1. Defendant denies the allegation set forth in Paragraph 1 of the Complaint, except admits that Plaintiff was employed at Defendant Boston Market at its 2530 Hylan Boulevard, Staten Island, New York location (the "Store").

2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant denies the allegations set forth in Paragraph 3 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

4. Defendant denies the allegations set forth in Paragraph 4 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

## AS TO "JURISDICTION AND VENUE"

5. Defendant denies all allegations set forth in Paragraph 5 of the Complaint, except avers that Plaintiff purports that jurisdiction is invoked pursuant to the laws stated in Paragraph 5 of the Complaint.

6. Defendant denies all allegations set forth in Paragraph 6 of the Complaint, except avers that Plaintiff purports that venue is invoked pursuant to the laws stated in Paragraph 6 of the Complaint.

## AS TO TRIAL BY JURY

7. Defendant denies all allegations set forth in Paragraph 7 of the Complaint.

## AS TO PARTIES

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint, except lacks sufficient knowledge or information to form a belief as to the truth or falsity with respect to Mr. Ferraro's residence.

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint, except admits that Defendant is a corporation organized under the laws of the State of Delaware with headquarters located at 14103 Denver West Parkway, Golden, Colorado, 80401 in Jefferson County.

## AS TO STATEMENT OF FACTS

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.
11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.
12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.
13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.
14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.
15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.
16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint, except admits that Plaintiff worked at the carving station.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 17 regarding Mr. Ferraro working part-time jobs.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 19 regarding Mr. Ferraro quitting other part-time jobs.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint, except admits that Boston Market terminated Mr. Ferraro's employment on or about March 14, 2015.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

**AS TO "FIRST CAUSE OF ACTION
Hostile Work Environment in Violation of the NYCHRL"**

27. Defendant repeats and re-alleges its answers to Paragraphs 1 through 26 of the Complaint as if each were fully set forth at length herein.

28. Paragraph 28 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint. Defendant specifically denies it has have violated any laws or that any relief is appropriate.

### AS TO "SECOND CAUSE OF ACTION
### Wrongful Termination in Violation of the NYCHRL"

33. Defendant repeats and re-alleges its answers to Paragraphs 1 through 32 of the Complaint as if each were fully set forth at length herein.

34. Paragraph 34 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 34 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

## AS TO "THIRD CAUSE OF ACTION
## Retaliation in Violation of the NYCHRL"

39. Defendant repeats and re-alleges its answers to Paragraphs 1 through 38 of the Complaint as if each were fully set forth at length herein.

40. Paragraph 40 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint. Defendant specifically denies that it has violated any laws or that any relief is appropriate.

## AS TO REQUEST FOR RELIEF
## AS TO "WHEREFORE" CLAUSE

Defendant denies all statements, allegations, and demands for relief set forth in the "WHEREFORE" clause, inclusive of its subparts A through D.

## ADDITIONAL AVERMENTS

Defendant denies all statements, allegations, and demands for relief set forth in Plaintiff's Complaint. Defendant denies all claims and allegations not unequivocally admitted herein.

## DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden, Defendant asserts the following defenses:

### AS A FIRST DEFENSE

The Complaint fails to state a claim or claims upon which relief can be granted.

### AS A SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### AS A THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

### AS A FOURTH DEFENSE

Plaintiff's claims are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to comply with or take advantage of available preventive or corrective policies, procedures, and opportunities set in place by his employer.

### AS A FIFTH DEFENSE

Plaintiff unreasonably failed to take advantage of appropriate opportunities to prevent, mitigate, and/or correct any alleged damages or unlawful acts, practice, or conduct.

### AS AN SIXTH DEFENSE

Upon information and belief, Plaintiff's claims are barred by his failure to mitigate damages.

### AS A SEVENTH DEFENSE

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to address, prevent, and/or promptly correct any alleged unlawful behavior.

**AS AN EIGHTH DEFENSE**

Any damages Plaintiff has suffered were not caused by or attributable to Defendants' acts, practices, or conduct.

**AS A NINTH DEFENSE**

The Court should not exercise subject-matter jurisdiction, whether original, pendent or supplemental jurisdiction, over Plaintiff's non-federal claims and, consequently, should dismiss Plaintiff's non-federal claims for lack of subject matter jurisdiction.

**AS A TENTH DEFENSE**

To the extent the NYCHRL applies to the claims raised in the Complaint, at all times pertinent hereto, Defendant acted in good faith and not in willful violation of the NYCHRL.

**AS AN ELEVENTH DEFENSE**

To the extent the NYCHRL applies to the claims raised in the Complaint, at all times pertinent hereto, Defendant had a reasonable good faith belief that they were not violating the NYCHRL.

**AS A TWELFTH DEFENSE**

To the extent the NYCHRL applies to the claims raised in the Complaint, Defendant is entitled to a set off of any damages to which Plaintiff may be entitled.

**AS A THIRTEENTH DEFENSE**

Plaintiff should not be awarded damages under the relevant statutes because Defendants' acts or omissions were in good faith, and Defendant had reasonable grounds for believing that its acts or omissions were not in violation of state or federal law.

**AS AN FOURTEENTH DEFENSE**

All allegations that are not specifically admitted herein are denied.

**AS AN FIFTEENTH DEFENSE**

Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitations.

**AS A SIXTEENTH DEFENSE**

At all times, Defendant and its agents acted properly. Because Defendant has not yet availed itself of its right to discovery, Defendant may not fully know the circumstances of the claims and allegations described in the Complaint. Defendant hereby notifies Plaintiff that until Defendant has had the opportunity to avail itself of its right to discovery, it cannot determine whether or not each of the above-stated defenses will, in fact be asserted during litigation. Such defenses, however, are raised in Defendants right to assert such defenses and thereby avoid the waiver of any such defenses. Defendant reserves the right, upon completion of its investigation and discovery to such additional defenses as they deem appropriate.

**AS A SEVENTEENTH DEFENSE**

Defendant's decisions and actions were justified by a legitimate business decision and were based on legitimate, non-discriminatory, non-retaliatory factors.

**AS A EIGHTEENTH DEFENSE**

Defendant neither made any decision nor took any action that was motivated by reckless or conscious disregard of Plaintiff's rights.

**AS A NINETEENTH DEFENSE**

To the extent that Plaintiff engaged in acts of misconduct prior to or during his employment with Defendant Boston Market, which, if known, would have resulted in denial of employment to or termination of the employment of Plaintiff, any relief awarded to Plaintiff

should be reduced, in whole or in part, because Plaintiff engaged in such misconduct whenever discovered.

### AS A TWENTIETH DEFENSE

Plaintiff's allegations do not support a claim for punitive damages.

### AS A TWENTY-FIRST DEFENSE

The standard by which Defendant is to be evaluated for determining the amount of punitive damages, if any, is vague and overly arbitrary, and, as such, supplies no notice to Defendant of the potential repercussions of its alleged conduct, thereby denying Defendant due process under the fifth and fourteenth amendments to the United States Constitution.

### AS A TWENTY-SECOND DEFENSE

Plaintiff has not suffered any compensable damage.

### AS A TWENTY-THIRD DEFENSE

Upon information and belief, Plaintiff failed to comply with the requirement of serving the complaint upon the New York City Commission on Human Rights and the New York City Law Department, Office of the Corporation Counsel within ten days of its filing, thereby not satisfying the notice requirements of this action (NYCHRL § 8-502).

### AS A TWENTY-FOURTH DEFENSE

Plaintiff suffered no adverse action or damages. On or about March 14, 2015, Plaintiff was terminated for legitimate non-discriminatory and non-retaliatory reasons.

**WHEREFORE,** Defendant requests that the Court dismiss the Complaint with prejudice; enter judgment in favor of Defendant and against Plaintiff on all counts; award Defendant its costs and attorneys' fees in defending this action and such other relief as the Court deems just and proper.

Dated: New York, New York
January 18, 2018

          Yours, etc.

          MARTIN CLEARWATER & BELL LLP

          By: /s/ Gregory B. Reilly
          Gregory B. Reilly, Esq.
          *Attorneys for Defendant*
          220 East 42nd Street
          New York, NY 10017
          (212) 697-3122

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2018, a true and correct copy of the foregoing ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT was electronically filed and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Rule on Electronic Service upon the following parties and participants:

> Walker G. Harman, Jr., Esq.
> Owen H. Laird, Esq.
> The Harman Firm, LLP
> *Attorneys for Plaintiffs*
> 220 Fifth Avenue, Suite 900
> New York, New York 10001
> (212) 425-2600

By: /s/ Gregory B. Reilly
Gregory B. Reilly, Esq.